# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): 22-508(L)

Caption [use short title]

Motion for: permission to withdraw as counsel.

Set forth below precise, complete statement of relief sought:

I seek permission to withdraw as counsel pursuant to Sections V.E. and VI. C of the Criminal Justice Act Plan following this Court dismissing these appeals and to have alternate counsel to assigned.

US v. Cosme,

MOVING PARTY: Stephanie Carvlin    OPPOSING PARTY: USAO Southern District of New York

☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: Stephanie Carvlin    OPPOSING ATTORNEY: Steven Kochevar

[name of attorney, with firm, address, phone number and e-mail]

Stephanie Carvlin, Law Office of Stephanie Carvlin    USAO SDNY 1 St. Andrew's Plaza
140 Broadway, Suite 4610, New York, NY 10005    New York, NY 10007
917-549-0873; carvlin@hotmail.com    212-637-2262; steven.kochevar@usdoj.gov

Court- Judge/ Agency appealed from: Hon. Loretta A. Preska, United States District Court SDNY

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): ____

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency: ____

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☑ No ☐ Don't Know

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date: ____

Signature of Moving Attorney:
/s/ [signature]    Date: 5/15/2023    Service by: ☑ CM/ECF ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-----------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Appellee, | : | Dockets: 22-508, 22-1001, 22-1146, 22-1625, 22-1656, 22-2786, 22-3114 |
| -v- | : | **DECLARATION** |
| WILLIAM COSME, | : | |
| Defendant-Appellant. | : | |

-----------------------------------------------------------x

STEPHANIE M. CARVLIN, hereby states under penalty of false statement that the following is true:

### STATEMENT OF FACTS RELEVANT TO THIS MOTION

1. On March 21, 2017, a jury found William Cosme guilty of wire fraud and aggravated identity theft. The District Court sentenced Mr. Cosme to a term of incarceration of 87 months on the wire-fraud count and to the mandatory two-year consecutive term of imprisonment on his conviction for aggravated identity theft.

2. Mr. Cosme appealed to this Court. This Court affirmed Mr. Cosme's convictions but remanded for resentencing because of an error in the calculation of Mr. Cosme's Guidelines. *See United States v. Cosme*, 17-1759(L), 2021 WL 2964322, at *5 (2d Cir. July 15, 2021).

3. While the case was on remand, I was assigned by the District Court as substitute counsel to represent Mr. Cosme on his resentencing.

4. Both before I was assigned as counsel and after, Mr. Cosme filed various motions in the District Court. The District Court's denial of seven of those motions forms the basis for the appeals that were filed under dockets 22-508, 22-1001, 22-1146, 22-1625, 22-1656, 22-1786 and 22-3114.

5. I was assigned by this Court pursuant to the Criminal Justice Act Plan as counsel for Mr. Cosme on those appeals.

6. On February 21, 2023, Mr. Cosme filed a letter in the District Court asserting that I had a conflict to such an extent that it might not allow me to represent him at the District Court.

7. The District Court ordered that I respond to Mr. Cosme's letter.

8. On February 28, 2023, I filed my response. I joined in Mr. Cosme's request, citing two bases: He had insisted that I present arguments that I did not believe were warranted by existing law and did not believe could be supported by a good-faith argument for an extension, modification, or reversal of existing law. Additionally, Mr. Cosme believed that I was not acting in his best interest but was instead representing the interests of the Court or the government.[1]

9. Given Mr. Cosme's motion in the District Court, I filed a motion in this Court on March 1, 2023, seeking to be relieved as counsel on the seven consolidated appeals pending before this Court.

10. My brief on the consolidated appeals was due in this Court on March 10, 2023. This Court had not decided my motion to be relieved by that date. I therefore filed a brief on the consolidated appeals on March 10, 2023.

---

[1]The District Court relieved me as counsel for Mr. Cosme on March 16, 2023.

2

11. Because I was unable to find any basis for arguing that Mr. Cosme's appeals in this Court were not frivolous, I filed an *Anders* brief, and, as required by this Court's rules, I also filed a motion to be relieved as counsel and to have substitute counsel assigned.

12. Mr. Cosme filed a *pro se* response to my motions to be relieved and to my *Anders* brief on March 28, 2023. He moved for the appointment of "non-conflicted CJA" or to stay or hold the resentencing in abeyance "until investigation is completed." He argued that his appeals had merit. *See* 22-508, docket entry 194.

13. On May 5, 2023, the government filed a motion for permission to file an oversize response to my *Anders'* brief and to dismiss Mr. Cosme's pending appeals or in the alternative to grant summary affirmance.

14. On May 9, 2023, I filed a motion in this Court asking for an extension of time to confer with my client and determine how to respond to the government's motion.

15. On May 12, 2023, this Court issued an order dismissing the seven consolidated appeals, finding that because Mr. Cosme had not been resentenced, "there was no final judgment and these appeals are premature." 22-508, Document 252 at 1-2. The Court also denied my motions to be relieved as counsel on the ground that they were moot in light of the Court's decision dismissing the appeals.

16. I now seek permission to withdraw as counsel pursuant to Sections V. E. and VI. C. of the Criminal Justice Act Plan (the Plan).

17. Under Section VI. C. of the Plan, Counsel is permitted to move to withdraw under Local Rule 4.1(c) if she has reasonable grounds to believe that a petition for panel rehearing, rehearing *en banc* or a petition for writ of *certiorari* would have no likelihood of success.

18. Section V. E. of the Plan outlines CJA counsel's duties with respect to seeking additional relief from this Court following an adverse decision. Counsel is required to:

    - Promptly transmit a copy of the Court's decision to the client.

    - Advise the client in writing of the right to file a petition for panel rehearing or rehearing en banc in this Court and a petition for writ of certiorari with the United States Supreme Court.

    - Advise the client of counsel's opinion on the merits and likely success of such petitions.

    - Include in the motion to withdraw a request on behalf of the CJA client for an extension of time of 30 days for the client to petition for rehearing or rehearing en banc *pro se* if the client has requested that a petition be filed.

19. Local Rule 4.1(c) provides as follows:

    **(c) Motion to Withdraw -- Adverse Decision.** Within 14 days after a decision by this court that is adverse to the defendant, appointed counsel may file a motion in this court to be relieved of the obligation to file a petition for a writ of certiorari with the U.S. Supreme Court if counsel has reasonable grounds to believe that the petition would have no likelihood of success. The motion must be accompanied by proof of service on the defendant and the government. The motion must also state that counsel has explained to the defendant how to file a timely petition for certiorari pro se.

4

20. Because this Court dismissed the appeals, there is no judgment of the Court from which I could seek panel rehearing, rehearing *en banc* or a writ of *certiorari*. However, I could seek panel reconsideration or reconsideration *en banc* of this Court's decision on Mr. Cosme's behalf under Local Rule 27.1.

21. After analyzing this Court's decision and rereading my *Anders* brief and the government's opposition, as well as conducting additional research, I have concluded that there are no reasonable grounds to believe that a motion for reconsideration or reconsideration *en banc* would likely have success.

22. By telephone, I advised Mr. Cosme that I did not believe any petition would likely succeed and told him that I would seek to withdraw from this representation and, at his request, would ask the Court to provide him alternate counsel.

23. I sent Mr. Cosme a copy of this Court's decision dismissing his appeals by letter today. In the same letter, I included a copy of Local Rule 27.1, which governs motions for reconsideration of this Court's decision on motions, a blank T-1080 form and a blank certificate of service.

24. There is an independent basis for relieving me as counsel. Mr. Cosme has made filings in the District Court and this Court asserting that I have engaged in "fraud on the Court." He attempted to file a motion in this Court, which was returned to me as his counsel, that requests, *inter alia*, that I withdraw. As a basis for his motion, Mr. Cosme claims, in part, that I am "involved in the fraud on the court involving substantial economic issues, misdeeds and ethical issue." He states that I will be "potential defendant in legal malpractice action

5

upcoming this week." He asserts that I acted as a witness against him in the District Court. He states that I must be removed as soon as possible. Cosme Letter/Affirmation/Motion seeking various relief, attached here to as Exhibit A, at 2.

25. I therefore ask that the Court permit me to withdraw as counsel on the seven consolidated appeals.

26. Mr. Cosme has requested that I ask the Court to assign alternate counsel. I join in that request. I filed an *Anders'* brief in this case. As part of my motion to be relieved as counsel, I sought the assignment of alternate counsel, as Mr. Cosme requested. Generally, this Court grants such requests but found the request moot in this case in light of the Court's dismissal of the appeals.

27. While I do not believe that there are reasonable grounds to attack this Court's order in this case, no other attorney has reviewed my reasoning in the *Anders'* brief or this Court's reasoning in its order dismissing the appeals.

28. I have consulted with the government, and the government consents to my motion to withdraw, consents to my motion for the assignment of alternate counsel and consent to Mr. Cosme's being given 30 days after this Court rules on this motion to file a *pro se* motion for reconsideration if counsel is not assigned.

WHEREFORE, I ask that the Court permit me to withdraw as counsel and assign alternate counsel. If this Court denies the motion for substitute counsel, I ask that the Court allow Mr. Cosme to make a *pro se* submission regarding reconsideration of this Court May 12 Order within 30 days after this Court issues its order on this motion.

May 15, 2023
New York, New York

                                                                                           _____/s/_____
                                                                                            Stephanie M. Carvlin

cc:    William Cosme (via and mail)
       Assistant U.S. Steven J. Kochevar (via ECF)

# EXHIBIT A

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 22-508(L), 22-1001 (Con), 22-1146 (Con), 22-1625 (Con), 22-1656 (Con), 22-1786 (Con), 22-3114

Caption [use short title]

Motion for: LETTER, CORRECT COURT ERROR

Lift improper injunctions pending appeal

USA
v.
William R. Cosme

Set forth below precise, complete statement of relief sought:

1) CORRECT JURISIDICTIONAL ERROR
2) GRANT IMMEDIATE WITHDRAW OF COUNSEL CARVLIN
3) LIFT INJUNCTIONS
4) SET SCHEDULE TO HEAR FRAUD ON THE COURT
5) RESTORE ORIGINAL MOTION SCHEDULE FOR (7) APPEALS

MOVING PARTY: William R. Cosme          OPPOSING PARTY: USA

[ ] Plaintiff   [X] Defendant
[X] Appellant/Petitioner   [ ] Appellee/Respondent

MOVING ATTORNEY: _____   OPPOSING ATTORNEY: AUSA Kochevar, AUSA Solowiejczyk

[name of attorney, with firm, address, phone number and e-mail]

William R. Cosme
104 Gold St.
Brooklyn, NY 11201

AUSA Solowiejczyk
1 St, Andrews Plaza
New York, NY 10007

Court- Judge/ Agency appealed from: LAP - Sr. Judge Preska

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
[X] Yes   [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed  [ ] Opposed  [X] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [X] Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:
Has this request for relief been made below?  [ ] Yes [X] No
Has this relief been previously sought in this court?  [ ] Yes [X] No
Requested return date and explanation of emergency:
Improper injunctions pending appeal
~~interfering with counsel of choice.~~

Is oral argument on motion requested?  [X] Yes [ ] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes [X] No If yes, enter date: _____

**Signature of Moving Attorney:**

William R. Cosme /s/  Date: 05/13/23   Service by: [ ] CM/ECF  [X] Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

USA

v.

William R. Cosme

| | CERTIFICATE OF SERVICE* |
|---|---|
| | Docket Number: 22-508(L) |
| | ORIGIN CASE # - 13CR43 |
| | 22-1001 (Con), 22-1146 (Con), 22-1625 (Con), 22-1656 (Con), 22-1786 (Con), 22-3114 |

I, __William R. Cosme__, hereby certify under penalty of perjury that
(print name)

on __05/13/23__, I served a copy of __letter, motion, affirmation__
(date)

(list all documents)

by (select all applicable)**

___ Personal Delivery   ___ United States Mail   ___ Federal Express or other Overnight Courier

___ Commercial Carrier   _X_ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| AUSA Steven Kochevar | 1 St. Andrews Plaza | NY | NY | 10007 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

__05/13/23__   __William R. Cosme /s/__
Today's Date   Signature

Certificate of Service Form (Last Revised 12/2015)

[05/13/23]

**LETTER/AFFIRMATION/MOTION**

**Re:** 22-508 (L), 22-1001 (Con), 22-1146 (Con), 22-1625 (Con), 22-1656 (Con), 22-1786 (Con), 22-3114 (Con)

Dear Clerk and Chief Judge Livingston,

**ISSUE** – the court erred regarding jurisdiction involving a (2) panel ruling. The court on 05/12/23 dkt.(252) via a (2) panel wrongfully dismissed (7) interlocutory appeals in connection with the government's belated, sudden motion to dismiss them suggesting that the appellant's (7) Interlocutory Appeals were moot, premature due to lack of final judgment, lack of jurisdiction citing and relying upon in part 28 U.S.C. § 1291. The court appears confused respectfully. The appellant sought <u>pre final judgment</u> relief under 28 U.S.C. § 1292(a)(1), not 28 U.S.C. § 1291. The (7) appeals specifically stated that they were <u>Interlocutory Appeals</u> and qualify as such with no objection from the government or the D.Ct. whatsoever upon filing in 2022. All of the appeals involve, are caused by improper injunctions caused by the underlying personam criminal asset forfeiture and the court <u>refusing to dissolve, modify injunctions</u> among other qualifying relief i.e. the improper injunctions interfering with the appellant's counsel of choice pre final judgement. In addition to the improper injunctions there is a massive fraud on the court that must be heard by the Chief Judge and a (3) panel because the lower court has been compromised and is unable to rule properly on anything which is proven by the record consisting of multiple remands, omnibus rulings, motion rulings vacated inter alia respectfully. Not one phase of the instant case over (12) years has been handled properly at the D.Ct. putting aside sequestration issues.

**REMEDY**

Construe the (7) appeals as Interlocutory Appeals under proper jurisdiction 28 U.S.C. § 1292(a)(1) and keep the motion schedules already set in place since 2022 and consider them emergency appeals due to the injunctive relief inter alia.

## **ACTION**

1. Issue a court order to correct the error.

2. Separately Order a emergency briefing schedule for the fraud on the court issue that permeated this court and interfered with the judicial machinery decision making process in part causing the court's error.

3. Counsel Carlin is in conflict thus she cannot lawfully be involved any further. Immediately GRANT withdraw of counsel Stephanie Carvlin who is involved in the fraud on the court involving substantial economic issues, misdeeds, ethics issues. Carvlin will be potential defendant in a legal malpractice action upcoming this week. Carvlin has filed for withdraw since long ago while she remains in conflict, she must be removed asap respectfully. Any CJA payments to Carvlin should also be rescinded due to her frauds, misconduct because ripping off the CJA does not meet the CJA mission. The court has delayed granting her withdraw. Ms. Carvlin has also become highly adversarial, unstable, retaliatory, vindictive and ought not participate in any capacity whatsoever within the instant case. She has become a poison to the case, the system and court verifiably. Carvlin has been notified of the malpractice claim, she has done more damage since and has caused Mr. Cosme added harm as a direct result of her not being granted withdraw long ago. Essentially, she is being paid to be an adversary to Mr. Cosme not to effectively defend him. Carvlin also has substantial ethics issue i.e. telling the lower court, acting as a witness against Mr. Cosme that Cosme requests that she make filings that are not supported by law despite her providing Mr. Cosme with extensive legal advices and a Motion to Recall the Mandate supported by law that she herself executed. On one hand she is preparing motions, promising to file them, on the other hand she is telling the court there is nothing to be filed which interferes with the judicial machinery inter alia. After speaking with other officers of the court Carvlin tried to distance herself from the Motion to Recall the Mandate in efforts to aid the government's bad faith <u>needing to be heard by this court pre final judgement</u>. Carvlin also attempts to cover up Judge Preska's array of new errors and both blame it all on Mr. Cosme with no evidence. Carvlin is billing the CJA month after month, repeatedly filing motions against Mr. Cosme and acting as a witness against him as the record shows. Carvlin spent months promising Cosme that she had lots of arguments to make and will file them but filed nothing but motions and claims against Mr. Cosme that are verifiably untruthful, improper. Carvlin also provided Cosme with emails stating that he did not abuse her but in court stated he did inter alia. Obviously, she is aiding the government which is a serious ethics issue on top of her aiding the ongoing fraud on the court. Mr. Cosme in the past has been attacked simultaneously by CJA, AUSAS, probation, the judges, stuck without an adversary in the room or anywhere but has come out ahead with multiple remands which proves that maybe Mr. Cosme has credible claims that the

CJA, others claimed ought not be filed that resulted in Cosme winning remands. If Mr. Cosme had frivolous claims, why would he have prevailed on multiple appeals, one interlocutory? The case is verifiably very dirty. The court would want to hear all about it given the nature of the frauds on the court which can be raised now because it is fully developed thanks to Carvlin's misdeeds. Carvlin has rescheduled 90% of scheduled calls verifiably, billing the CJA for all of it. CJA disbursement records are public.

4. Allow retained counsel of choice to enter the case. The retained counsels can be paid for from Mr. Cosme's non tainted property that the government improperly forfeited personam since pre indictment 2012. Neither a grand jury or petit jury determined that Mr. Cosme's property has a nexus to a federal crime thus he is <u>entitled</u> to use all of it to pay counsel, live etc., see *Luis v. US, 136 S. Ct. 1083, 578 U.S. 5, 194 L. Ed. 2d 256 (2016)*. The government cannot enjoy a personam asset forfeiture absentee a nexus determination by the grand jury and or the petit jury determining if the government had met their asset forfeiture burdens, note Fed.R.Crim.P. 32.2, applicable here. This issue, if need be, can be relitigated due to cogent, compelling and extraordinary circumstances, the frauds on the court permeating the personam asset forfeiture inter alia. It has already been established by the courts that <u>neither a grand jury or petit jury determined that any of Mr. Cosme's property has a nexus to any federal crimes</u> compounded with no congressional authorization/statute for a criminal asset forfeiture involving a wire-fraud not affecting a financial institution.

5. If the court prefers, this letter can be restyled as a motion for reconsideration under FRAP or En Banc or the appellant can file an emergency interlocutory appeal to trigger release of the non-tainted property the appellant needs to pay his lawyers standing by and living, business expenses.

Respectfully Submitted,

/s/

William R. Cosme

631 984-0912

**ADDRESS:**

WILLIAM R. COSME
CORE SERVICES
104 Gold St.
Brooklyn, NY 11201


Cc:Cohn